## Old's Estate.    Lightner's Appeal.

<div style="float:right">

150  529
s176 150
s187 240

</div>

*Commissions and costs to accountant.*

Where a trustee is administrator of the estate out of which the trust arises and receives commissions as administrator and claims unsuccessfully not to be liable for the interest of the trust estate, he may be deprived of all commissions, and one half of the costs of the audit on exceptions to his account as trustee may be imposed upon him.

Argued May 17, 1892.    Appeal, No. 25, Jan. T., 1892, by James H. Lightner, administrator c. t. a. of Newton Lightner, trustee under will of Harriet Old, deceased, from.decree of O. C. Lancaster Co., June T., 1890, dismissing exceptions to report of auditor on exceptions to trustee's account.    Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

The auditor, Chas. I. Landis, found the facts substantially as follows: Harriet Old by her will gave Elizabeth Alexander $3,000 for life, and appointed Newton Lightner executor and trustee.    On April 5, 1870, as executor and trustee, he loaned this trust fund to Hopkins, Mrs. Alexander's father, on a judgment, duly approved by the court.    Newton Lightner died Nov. 8, 1889, and letters were granted to appellant, who filed an account in the trust estate, June 16, 1890.    In this account the trustee was charged with $3,495.39 as interest, and credit claimed for the same amount; credit was claimed also for $319.64 as commissions.    Both items of credit were excepted to by the *cestui que trust* and the auditor was appointed·to pass upon them.    The auditor found as a fact that Newton Lightner never received any of the interest.    It was contended by the accountant that there was an understanding between the trustee, Hopkins, and his daughter that the interest was to be

VOL. CL—34

paid direct to the daughter. The auditor found that while such a course may have been pursued for the sake of convenience, he could not find that it was done in pursuance of an agreement. On various occasions Mrs. Alexander asked the trustee for the interest, and in 1887 employed an attorney who wrote demanding the interest and threatening to hold him responsible. The trustee referred the attorney to Hopkins, who persuaded his daughter to take no further action at that time. From 1870 to 1874 Hopkins paid to Mrs. Alexander on account of interest amounts aggregating several hundred dollars. From Oct. 1, 1886, to the present time he paid her other sums, altogether aggregating $1,138.82. The auditor corrected the interest item on this basis. He also disallowed commissions, as commissions were received by the trustee on the corpus of the trust estate in the settlement of Mrs. Old's estate, and as the trustee disavowed having anything to do with the interest. The costs were divided between the trustee and the *cestui que trust.*

The accountant filed exceptions alleging that the auditor erred, *inter alia,* (1) in finding no agreement between Hopkins and his daughter, (13, 15) sustaining the exceptions to the account, and (16) putting costs on trustee.

The court, LIVINGSTON, P. J., dismissed the exceptions and confirmed the report.

*Errors assigned, inter alia,* were (1, 13, 15, 16) dismissing exceptions, quoting them.

*Geo. A. Lane,* for appellant ; *Wm. Aug. Atlee,* for appellee.

PER CURIAM, July 13, 1892.

We find nothing in this case which requires discussion. Nearly all of the specifications are to the findings of facts by the auditor. His findings were not only sustained by the court below, but were warranted by the evidence. The learned auditor, after full examination of the case, finds that of the credit taken for $3,495.39, as paid to E. O. Alexander as interest, only $1,138.82 was actually so paid to her, and he corrects the account accordingly. His ruling, in regard to the commissions of the accountant and the costs of the audit, are entirely satisfactory, and justified by the evidence.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.