# In re Estate of Newton Lightner, deceased. Appeal of James H. Lightner, Administrator c. t. a. of Newton Lightner, deceased.

*Estoppel—Adjudication—Orphans' court.*

No estoppel arises by a former adjudication in the orphans' court unless there is an identity of parties as well as subject-matter.

*Trusts and trustees—Investments—Duty of trustee.*

Where a trustee, in pursuance of a family arrangement to which all persons interested in the trust estate were parties, permits a loan to remain uncollected for nineteen years, he will not be surcharged with the loss of the fund caused by the delay, especially if it is not at all clear that he was at any time able to make the collection.

Argued May 18, 1898. Appeal, No. 67, Jan. T., 1898, by James H. Lightner, from decree of O. C. Lancaster Co., June T., 1890, dismissing exceptions to auditor's report. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Exceptions to auditor's report.

The facts appear by the opinion of the Supreme Court, and in the report of Old's Estate, Lancaster Trust Co.'s Appeal, 176 Pa. 150.

*Error assigned* was decree of the court.

*George A. Lane*, for appellant.—The whole matter is res adjudicata: 1 Herman on Estoppel, p. 238, sec. 203.

Where an auditor reports a fact as a deduction from other facts his conclusion is the result of reason, and, therefore, subject to revision and correction, if erroneous: Cake's Appeal, 110 Pa. 65; Lancaster's Est., 38 Leg. Int. 4; Miller's App., 102 Pa. 544; Nauman's App., 116 Pa. 505; Hindman's App., 85 Pa. 466; Phillips's App., 68 Pa. 130; Kutz's App., 100 Pa. 75; Sproull's App., 71 Pa. 137; Moyer's App., 77 Pa. 482; Beaumont v. Wilkes-Barre, 142 Pa. 198; Babcock v. Day, 104 Pa. 7; Jacobs's App., 107 Pa. 141; Milligan's App., 97 Pa. 525; Follweiler v. Lutz, 112 Pa. 107.

A trustee will not be surcharged for a loss if he has exercised common skill, prudence and caution, but only for supine negligence or wilful neglect; and in determining a trustee's liability for failure to collect and convert assets, regard is to be had to the character of the trust: Chambersburg S. F. Assn.'s App., 76 Pa. 203; Fahnestock's App., 104 Pa. 46; Neff's App., 57 Pa. 91; Eyster's App., 16 Pa. 372; Crist v. Brindle, 2 Rawle, 121; King v. Morrison, 1 P. & W. 188; Orr v. Newton, 2 Cox's Cases in Equity, 274.

Trustees who have acted in good faith and under the advice of counsel are not responsible for a mere error of judgment or a mistake of law: Bradley's App., 89 Pa. 521; Calhoun's Est., 6 Watts, 185; King v. Morrison, 1 P. & W. 188; During's App., 13 Pa. 233; Jack's App., 94 Pa. 371; Pleasonton's App., 99 Pa. 369; Cridland's Est., 132 Pa. 484; Gelbach's App., 8 S. & R. 205; Bonsall's Case, 1 Rawle, 273; Bowman's App., 3 Watts, 369; Gochenauer v. Froelich, 8 Watts, 19.

*Henry M. Dubois*, with him *Brown & Hensel*, *William Aug. Atlee* and *Charles R. Kline*, for appellees.—The doctrine of res adjudicata applies only so long as the issue is between the same parties or their privies, where the subject-matter of the second suit is substantially the same as the first: Bouvier's Law Dictionary "Res Adjudicata;" Herman on Estoppel and Res Adjudicata, pp. 117, 145–147, 183, 184; Converse v. Colton, 49 Pa. 346; Follansbee v. Walker et al., 74 Pa. 306; Gordinier's Appeal, 89 Pa. 528; Schriver v. Eckenrode, 87 Pa. 213; Kaster v. Welch, 157 Pa. 590; Schwan et al. v. Kelly, 173 Pa. 65; Myers v. Kingston Coal Co., 126 Pa. 582; Phila. v. Ridge Ave. Pass. Railway Co., 142 Pa. 484.

In Barton's Estate, 11 W. N. C. 561, it was held that a trustee investing trust funds in a mortgage, without submitting the same to the approval of the court, will be held to the highest degree of care.   To like effect see the following cases: Baer's App., 127 Pa. 360; Ihmsen's App., 43 Pa. 431; Smith v. Wilmington Coal, etc., Co., 83 Ill. 498; Leech's Est., 26 Pitts. Leg. Jour. 10.

It is an established rule that the finding of an auditor upon the facts which have been approved by the court below will not be disturbed on appeal except for flagrant error: Burroughs's

App., 26 Pa. 264; Lewis's App., 127 Pa. 127; Hess's Est., 150 Pa. 346.

A trustee in this state must exercise exactly the same care and diligence that a man of ordinary prudence would practice in the care of his own estate: Neff's App., 57 Pa. 91; Witmer's App., 87 Pa. 120; Lechler's App., 21 W. N. C. 507; Barton's Est., 11 W. N. C. 561; Chambersburg Saving Fund Assn.'s App., 76 Pa. 203; Whitecar's Est., 147 Pa. 368; Henninger v. Boyer, 10 Pa. C. C. 519; Fowler v. Odell, L. R. 16 Chan. Div. 723; Davis v. Kerr, 3 App. Div. (N. Y. Sup. Ct.) 322; Quinn's Est., 41 Leg. Int. 226; King v. Talbot, 40 N. Y. 76; Adair v. Brimmer, 74 N. Y. 539; Ormiston v. Olcott, 84 N. Y. 339; Earle v. Earle, 93 N. Y. 113.

OPINION BY MR. JUSTICE MITCHELL, July 21, 1898:

The transactions involved in this case are now before us for the fourth time and, as it is claimed by appellant that all the questions raised are res adjudicata, it becomes necessary to examine the facts with special care.

In 1870, Newton Lightner became trustee of two funds, inter alia, one of $7,301.47, the income of which (after an intervening life, not material to the present controversy) was payable to James M. Hopkins for his life, and thereafter the principal to his children, and the other of $2,897.55, the income of which was payable to Mrs. Alexander for life, and at her death the principal to her children. Mrs. Alexander is a daughter of James M. Hopkins.

These two funds by authority of the orphans' court of Lancaster county were invested in a loan to James M. Hopkins, secured by a judgment of $10,000 entered in the common pleas. Hopkins at that time was the owner of about one thousand acres of land in Lancaster county on which there were prior liens amounting to $19,400. It was however considered by the parties and the court as ample security for a new loan, especially in view of the fact that nearly three fourths of the interest on the loan was payable to the borrower, Hopkins, himself, during his life. He did not however keep down the interest on any of the incumbrances, and the value of the land depreciated. In 1889, Newton Lightner, the trustee, died, and the appellant, his administrator c. t. a., filed an account of the trust estate. The

Lancaster Trust Co. however which had been appointed successor in the trust refused to accept the judgment against Hopkins, and demanded the trust fund in money. This led to a sale of the land, and the price realized not being sufficient to cover the prior liens the entire trust fund was lost. The question then arose upon whom the loss should fall.

The first litigation that appears is reported as Old's Estate, Lightner's Appeal, 150 Pa. 529. The appellant as administrator c. t. a. of the trustee filed an account of the trust for Mrs. Alexander, and in it he both debited and credited the trustee with $3,495, interest for nineteen years as collected and paid to Mrs. Alexander on her fund of $2,897 included in the Hopkins judgment. It was not claimed that the trustee had personally collected and paid over this interest, but that by agreement Mrs. Alexander was to collect it herself from her father Hopkins. The auditor found the agreement was not proved, and that Hopkins had in fact only paid his daughter $1,138. He therefore reduced the credit for interest to that amount and his action was sustained. As the accountant had admitted by the debit side of his account the liability of the trustee for the interest, and the contest was over the allowance of a corresponding credit which was claimed solely on the ground of the agreement, the decision has very little bearing on the case now before us.

In Old's Estate, Lancaster Trust Co.'s Appeal, 176 Pa. 150, the subject of the present controversy was directly raised. That was an effort by the successor of Newton Lightner in the trust for the wife and children of Hopkins, to surcharge his estate with the loss of the fund of $7,301.47, represented in the judgment of $10,000 against Hopkins's land. The exceptions taken were that the investment was improvidently made, the security insufficient, and especially that the trustee had been grossly negligent in not compelling Hopkins to keep down the interest on the prior incumbrances on the depreciating land or on his failure to do so, in not forcing a sale of the land for payment of the $10,000 judgment. This it will be observed is the ground on which the present claim was allowed. The auditor in that case found that the investment was protected by the order of the orphans' court made upon full presentation of all the material facts, and, secondly, that the trustee was not culpably neg-

ligent in not forcing a sale. He therefore refused to surcharge the trustee's estate, and this conclusion was sustained by the court and affirmed by this Court.

In the present case the facts and the questions involved were the same, but the present auditor reached a different conclusion. As the estate, the trustee, the investment, the trustee's conduct with reference to it and the period of time covered were all the same, the appellant argues that the matter is res adjudicata by the decision in Lancaster Trust Co.'s Appeal, supra, and cannot now be reopened. This claim however cannot be sustained. There is no estoppel by a former adjudication, because there is not identity of parties as well as subject-matter. The Lancaster Trust Co., in that proceeding, was trustee of a different fund, though part of the same investment, and the other appellees, the children of Mrs. Alexander, were not parties, being then only remote heirs with no legal interest in the estate. They were entitled therefore in this proceeding to a hearing on their own presentation of their case, and if they have established it by the preponderance of evidence the previous decision is not a bar to their recovery. They and we are now confronted however by the fact that two auditors and two courts (or rather the same court at different times) have reached opposite and entirely irreconcilable conclusions on the same transactions. In this statement I am intentionally throwing out the fact that this Court has already adopted and affirmed one of these conclusions. We have treated the questions as open, and have gone over the whole evidence as if new. That was the right of the parties.

It is a case in which there is much to be said on both sides. The auditor found that the investment was authorized by the court, and that there was not at any time any bad faith or wilful default by the trustee, but that there was on his part a failure "to exercise common prudence and common caution in the discharge of his duties in this trust." The fact that the trustee should have known and probably did know that the debtor for nineteen years was permitting the prior incumbrances to grow by the accumulation of interest, and perhaps also that the land was decreasing in value, makes a prima facies of negligence. But on the other hand it is not at all clear that he could have bettered the situation by forcing a sale. There were prior

liens to the amount of $19,400, with accrued interest, which he would have been obliged to provide for, or make the sale at their mercy, and there is no evidence that he or his cestuis que trustent could control that sum. But over and above all, the evidence is most convincing that there was a family understanding concurred or acquiesced in by every one interested, including the present cestuis que trustent, by which the trustee was guided. The debtor Hopkins was the father of Mrs. Alexander and the grandfather of the other cestuis que trustent, appellees; he was the owner of a large estate, heavily incumbered, but the incumbrances held by Lightner and Tome, both of whom were his brothers-in-law; during a considerable part of the time he was making efforts to sell parts of his land at private sale to lighten his pecuniary burdens; and all parties clearly acted together to avoid the disastrous sacrifice of the home and the patrimony by a forced sale. The trustee acted in accordance with this family desire, and no complaint was made for nineteen years, nor until after his death. The present claim is an unjust effort to put upon his estate the burden of a loss for which he was not responsible. It is unnecessary to elaborate these views, as they are stated very fully and very forcibly by the former auditor, and are reported in 176 Pa. 150. We concur in his conclusions as there stated, and are satisfied with his presentation of the grounds on which they rest.

The second branch of the appellees' claim is based on the alleged negligence of the trustee in investing a sum of money as guardian of appellees in a loan to their grandfather, James M. Hopkins, on the security of a judgment lien against his land. As this judgment was prior to the other of $10,000, the views already expressed apply a fortiori to it. On coming of age the appellees settled with their guardian, but after his death endeavored to charge his estate on the same basis of failure in trust duty. In this they failed: Alexander's Est., Lightner's Appeal, 156 Pa. 368. Their present claim is for their mother's dower interest in the same fund, which she has released to them. It is not technically concluded by the former decision, but it has no more merit than their former claim.

Decree reversed and claim directed to be dismissed at the cost of appellees.