# Spatz's Estate.

*Trusts and trustees—Executors and administrators—Decedents' estates—Securities—Conversion—Practice, O. C.*

1. Where a testamentary trustee has given a bond with a surety company as security, and thereafter dies, and there is found in the possession of the company securities to an amount slightly in excess of the trust estate, whereupon the administrator of the deceased trustee files an account of the trust estate in which he charges himself with the securities found in the possession of the company, exceptions filed by the substituted trustee to the account must be considered by the court in due order, so that it may be determined whether the securities are proper investments to be surrendered to the new trustee, or whether certain of them should be rejected, and the estate of the deceased trustee or his surety be required to make up the balance.

2. In such a case it is reversible error for the court, without passing on the exceptions at the time, and after some of the se-

curities have been sold, to order the administrator to sell the remainder of the securities, and pay the proceeds thereof to the new trustees.

Argued March 4, 1913. Appeal, No. 408, Jan. T., 1912, by Warren H. Fenstermacher, Administrator of Isaac S. Spatz, deceased, who was trustee of Isaac S. Mohn under the will of John H. Spatz, deceased, from decree of O. C. Berks Co., March T., 1912, No. 37, upon exceptions to the adjudication in Estate of John H. Spatz, deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to adjudication. Before BLAND, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned,* inter alia, was to decree of court.

*Joseph R. Dickinson,* with him *William Kerper Stevens,* for appellant.

*Stephen M. Meredith,* for appellee.

OPINION BY MR. JUSTICE BROWN, April 14, 1913:

In the will of John H. Spatz, who died January 10, 1898, there is the following provision: "Item. I give and bequeath to my executor hereinafter named the sum of twenty thousand dollars in trust to invest the same in real estate for the use of my daughter Emma, now in marriage with Jeremiah G. Mohn, for and during the term of her natural life, the interest to be paid annually to her, and after her death the same, the sum of twenty thousand dollars to go to her children; if no children or children's children then the same to go back to my estate and heirs forever." Isaac S. Spatz, the executor named in the will, accepted the trust. In 1906 the guardian of one of the minor children of Mrs. Mohn

presented a petition to the court below, asking for his removal as trustee, on the ground of his mismanagement of the estate. This petition was withdrawn upon his giving a bond "to secure the cestui que trusts, intact, the full amount of the said trust fund of twenty thousand dollars, and the due execution of the said trust, in accordance with said will and in accordance with law." The giving of this bond in no manner affected the right of the trustee, or of his administrator, to have the account of the trust estate audited and settled in the regular and orderly way. Isaac S. Spatz died in 1911, and letters of administration on his estate were duly issued to the appellant, who found in the hands of the Berks County Trust Company, the surety on the trustee's bond, securities belonging to the trust estate and amounting to a little more than $20,000. Within a year from the death of his decedent the appellant, as his administrator, filed an account of the trust estate, charging himself with these securities. In the meantime the Reading Trust Company had been appointed to succeed the deceased trustee, and filed exceptions to the account of the administrator, complaining of its form. The court below, in passing upon these exceptions, restated the account and refused to allow credit for any of the unconverted securities which had been held by the decedent for the trust estate. During the pendency of the adjudication of the account certain of these securities were sold and the proceeds, amounting to $10,728.27, were paid over to the new trustee, and on July 12, 1912, a decree was made ordering the appellant to pay to the Reading Trust Company, or its successors in the trust, the sum of $9,271.73, the balance of the trust fund of $20,000. Sixteen exceptions were filed to the adjudication, six of them alleging error on the part of the adjudicating judge in refusing to allow credits for specific investments made by the testamentary trustee for the trust estate. No one of these exceptions was passed upon by the court, and they remain

undisposed of to this day. The learned judge below said: "The adjudication was filed July 23, 1912, but nothing has been done by the exceptant to carry out the suggestion of the court relative to the conversion of the securities in his hands. It may be that the unconverted securities will sell for a sufficient sum to pay the entire balance apparently due to the trust estate; and it is to be hoped that result will ensue from a disposition of them. In case the proceeds of the remaining securities are not sufficient to pay the ascertained balance, it does not follow, conclusively, that the former trustee was guilty of a devastavit of the trust estate, as it may be shown that loss resulted from no culpable negligence or mismanagement on his part. A decree will now be made to carry out the evident purpose of the decree of the court, excepted to." Then followed the decree appealed from: "And now, September 25, 1912, it is ordered that Warren H. Fenstermacher, administrator of Isaac S. Spatz, deceased, who was trustee under the will of John H. Spatz, deceased, proceed forthwith to convert into money the above-mentioned securities held by the said Isaac S. Spatz at the time of his death in trust for Emma Mohn and her children as aforesaid, and now unconverted and in the possession of him the said Warren H. Fenstermacher, as administrator of said Isaac S. Spatz; that any suit brought by said administrator be brought to the use of the Reading Trust Company, the present trustee, and that said trustee join in the release and discharge of the debtors upon said securities; that the said administrator pay over to the present trustee the proceeds of said securities as they are received to be credited upon the balance due the trust estate; and that the further consideration of the account, adjudication and exceptions is now adjourned to Monday, November 4, 1912, at 10 o'clock A. M."

We are not aware of any precedent and know of no authority sanctioning the foregoing decree. The learned judge made a reference to Lightner's Appeal, 187 Pa.

237, but nothing to sustain him is to be there found. That case merely decided that the estate of Lightner, the deceased trustee, was not, under the facts stated in the opinion of the court, chargeable with loss on an investment which he had made in good faith. There was no other question before us. If the credits for the unconverted securities asked for by the appellant ought not to have been allowed, the court below should have so decided in the regular way, by dismissing the exceptions filed to the adjudication and making absolute the nisi decree of June 23, 1912. If the new trustee is not to take the investments, then it is to be paid in money the balance due from the deceased trustee's estate, payment of which is secured by the bond which he gave, and the refused securities will then belong to the estate of the deceased trustee, with a right of subrogation in the surety on his bond, if it should be compelled to pay. How, then, could the court below have ordered their summary sale of conversion, likely to result in loss, which would have to be borne by the estate of the deceased trustee or his surety, whose obligation, approved by the court, is to secure to the cestuis que trustent the full amount of the $20,000? To protect the estate of his decedent and to save the surety company from liability, which may not attach to it if he is permitted to collect, in the usual way, the moneys represented by the rejected investments, it was no less the duty than the right of the appellant to appeal from the decree ordering their summary conversion. That decree cannot be permitted to stand as a precedent. It is, therefore, reversed, and the record remitted for disposition of the exceptions filed to the adjudication and for the entry of a decree in conformity to the views herein expressed, the costs on this appeal to be paid by the appellee.