## Strawbridge's Estate.

Argued May 13, 1936. Before KEPHART, C. J., SCHAF-
FER, MAXEY, LINN, STERN and BARNES, JJ.

*A. S. Ashbridge,* with him *Francis Macomb Gumbes* and *George S. Stewart,* for appellant.

*Desmond J. McTighe,* with him *Henry I. Fox,* of *Fox & McTighe,* for appellee.

Opinion by Mr. Justice Barnes, June 26, 1936:

This is an appeal from the final decree of the court below dismissing exceptions filed to the adjudication upon the fourth account of Norristown-Penn Trust Company, substituted and surviving trustee under the will of Louise H. Strawbridge.

The decedent died February 1, 1910, survived by her husband, George H. Strawbridge, and four minor children,—three daughters and a son. The latter is the appellant here. Her will dated September 12, 1896, and duly probated, devised and bequeathed her entire estate to her husband absolutely, so long as he remained unmarried. The will provided if her husband remarried, he forfeited all claim to her estate, and the estate was then to be held in trust for her children until the males attained the age of thirty, and the females the age of twenty-five, at which time each of such issue should receive their respective shares of the principal.

The estate consisted of personalty of the approximate value of $12,500, and real estate known as No. 11 St. Asaph's Road, Bala, Montgomery County, valued at $25,000, and occupied as the family homestead. By the adjudication of the executor's account, dated October 15, 1912, it was held in construing the will that the husband took a defeasible fee in the real estate and an absolute interest in the personal estate, defeasible in the event of his remarriage. The husband's interest in the estate, in accordance with the will, terminated on February 13, 1913, upon his remarriage, and the trusts created in favor of the four children became operative. On November 16, 1916, the Norristown Trust Company (now Norristown-Penn Trust Company by merger) was

appointed substituted cotrustee for the children and it is now sole surviving trustee.

Beginning on October 6, 1913, the trustee as authorized by decrees of the orphans' court, paid portions of the trust income to George H. Strawbridge as an allowance for the support and maintenance of the children. The last period during which such allowances were paid expired on October 15, 1921. These allowances did not constitute the sole sums spent upon the maintenance and education of the children. The father expended considerable sums of money upon their support. In the case of appellant it included an education at Haverford School and Montgomery School, private institutions.

After his wife's death, the husband maintained the premises in Bala as the family home, at all times until July of 1933, except for three months in the summer of 1930, when it was rented by Mr. Strawbridge when the family were away for a summer vacation, and five and a half months in 1932, when it was rented by a lease executed by Janet Strawbridge. It was the only home the family had during all of this period, the children residing there until they were married and left to establish homes of their own. One daughter, Janet, remained unmarried.

None of the children contributed anything towards the upkeep and maintenance of the home. At one time Mr. Strawbridge paid an annual rent of $600 for the right to occupy the premises. The last such payment was made on October 15, 1918. The records of the trustee do not indicate whether such occupancy was by written lease, formal or otherwise. The parties to the original transaction were not available at the hearing, hence the precise terms of the agreement, by which the property was occupied, cannot now be determined.

The daughters respectively attained twenty-five years of age, and became entitled to a one-fourth share of their mother's estate. Each was separately awarded and re-

ceived her respective share by the adjudication of the orphans' court, and each approved the trustee's account of their respective trusts as filed. None of the accounts included any items of rental for the homestead premises. On June 4, 1934, the appellant, who was the youngest of the four children, became thirty years of age, and accordingly, entitled to his respective one-fourth share of his mother's estate. At that time he was married and had been residing away from the home about six years. When the trustee filed its present fourth account, he filed exceptions thereto seeking to surcharge the trustee for not having required his father to pay the taxes on the homestead for the years 1931, 1933 and 1934, and to pay rent for the property from the date of the mother's death in 1910 to June 4, 1934, when he became thirty years of age and entitled to his share of the estate. The auditing judge dismissed the exceptions, and exceptions to his adjudication were dismissed by the court en banc. From the dismissal of those exceptions this appeal is taken.

We are of opinion there was no obligation upon the trustee either to pay, or require the payment of the taxes assessed against the premises for the years 1931, 1933 and 1934. During the three years in question, each of the daughters owned absolutely an undivided one-fourth interest in the premises. The sole interest of the trustee was on account of the one-fourth interest it held as trustee for appellant. As taxes unpaid constitute a lien on real estate, which would in this case necessarily be borne by all the children equally, the trustee was under no duty to pay the entire taxes for any one, or for all the years in question from the trust it held for appellant, nor was there any obligation upon it to require the payment of the taxes by the person in possession of the premises.

The premises in Bala were occupied from the time of the decedent's death as a family abode, under a family agreement, contemplating the maintenance of the family

home for the father, the stepmother, and the unmarried children. The purpose of this agreement, to maintain and raise the children under one roof, as one family, was under the circumstances commendable and socially desirable. Such family agreements are to be encouraged. Their desirability extends beyond requirements of too strict adherence to rigid contractual formalities. While there is no formal written agreement among the children and their father, concerning this occupancy, the conduct of all the parties during a twenty-year period points conclusively and inevitably to such an arrangement.

While the trustee was originally under an obligation to collect rent for the occupancy of the premises, he was discharged from this obligation by the family agreement among the beneficiaries and their father. This arrangement beneficially served all of the parties thereto. The father was permitted to occupy the premises rent free, provided he supported the children. This arrangement was advantageous to the children, because they thereby secured a commodious and comfortable home, and their father was enabled to spend greater sums for their upbringing and education. Moreover, the allowances granted to the father by the court, indicates that he was unable to support his children without assistance from the children's share of the income from their mother's estate. Hence, any rent paid by the father to the trustee, would have to be repaid by the trustee to the father, under court order for the support of the children. This would not have been to the best interests of the children as it would have required bookkeeping, proceedings for support orders, and matters relative to the repair and maintenance of the real estate, as well as the necessity of paying commission to the trustee upon all rents so received by it. The family arrangement clearly obviated this expense and formality.

The appellant as the youngest child, with the exception of his unmarried sister, Janet, received the greatest

advantage from this arrangement. During his minority he was maintained in the premises as his home, and was educated by his father. Accordingly, it does not appear that during such period he was deprived of his inheritance. The acquiescence of the trustee in this family arrangement was proper under the circumstances, and such acquiescence is to be encouraged rather than penalized.

Family agreements are favorites of the law. Wherever possible such agreements will be upheld, and are not to be disturbed without good reason: *Jones' App.*, 8 W. & S. 143; *Lightner's Est.*, 187 Pa. 237; *McCutcheon's Est.*, 283 Pa. 157; *Stephen's Est.*, 320 Pa. 97. The regard in which such agreements are held, and the protection accorded them by the law is well set forth in *Wilen's App.*, 105 Pa. 121.

Appellant became of full age on June 4, 1925. His mother's will, and the ownership of the property were matters of public record. He knew his father, sister and stepmother were occupying the property. He was sui juris after June 4, 1925, yet he made no demand that the trustee collect rent on account of the one-quarter interest it held for his benefit. It was not incumbent upon the trustee to suggest that the family agreement be repudiated. It is well settled that a competent beneficiary who, with full knowledge of the facts expressly or by acquiescence consents to or affirms the conduct of the trustee in relation to the trust property, cannot thereafter question the propriety of such conduct: *Old's Est.*, 176 Pa. 150; *Armitage's Est.*, 195 Pa. 582; *Detre's Est.*, 273 Pa. 341; *Brown's Est.*, 287 Pa. 499; *Macfarlane's Est.*, 317 Pa. 377; *Restatement, Trusts,* section 216; *Curran's Est.*, 312 Pa. 416; *Stephen's Est.*, supra.

Decree affirmed. Costs to be paid by appellant.