Simmers et al., Appellants, *v.* Simmers.

Argued April 10, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Carl McLaughlin,* for appellants.

*G. Edward Dickerson,* for appellee.

OPINION BY MR. JUSTICE DREW, June 24, 1940:

The reason given for this appeal is that the learned court below erred in not ordering an accounting by the trustee. The trustee is the defendant, father of appellants, and also settlor of the trust. The proceeding started with a bill in equity praying for a decree to discharge from a trust two parcels of real estate in Philadelphia, known as Nos. 4413 and 4415 South 82nd Street, and ordering defendant to convey them to appellants, the beneficiaries, on the ground that the trust had ended when they had reached their respective majorities. The court so ordered, because the trust was dry, but made the conveyance conditional upon reimbursement of defendant by plaintiffs in the sum of $3,300, being money paid by him during the continuance of the trust in discharge of a mortgage on the premises. Plaintiffs now complain because the final decree did not direct that defendant account for the rentals received by him from the one property, and for the fair rental value of the other, which he occupied during the trusteeship.

A fair examination of the record will show that plaintiffs are not entitled to an accounting. In their original bill, "out of regard for the fact that the defendant was their father", they did not pray for an accounting, but requested only a decree directing the conveyance of the trust property to them, and such further relief as the court should deem proper. After the entering of the final decree, when they found they had to reimburse defendant in the amount of $3,300, they brought a supplemental bill in which they asked for an accounting. This was the first intimation that they expected their father to pay them rent for the premises he had occupied for many years, and account to them for any profits received from the other property. Their whole course of conduct prior thereto shows that they intended that he should have the full use and control of both properties as long as the trust continued, without any obligation to account to

them for rents and profits. As competent beneficiaries, having full knowledge of the facts, they by acquiescence consented to and affirmed the conduct of the trustee with respect to the trust property, and they are therefore now precluded from questioning the propriety of such conduct: *Old's Est.,* 176 Pa. 150; *Strawbridge's Est.,* 322 Pa. 406.

The facts of the case support this conclusion. Defendant created the trust, without consideration, in 1920, shortly after the death of his first wife, for the protection of his four children by that marriage, who were then all minors. Almost twenty years have gone by since the date of the first conveyance. During that time, plaintiffs treated defendant as though he were actual owner of the properties. They made no request for an accounting of his trust, nor did he render any such account. He alone paid the taxes, water rents, and interest on the mortgage, and made the expenditures for repairs. In 1928, he paid off the principal of the $3,300 mortgage. Plaintiffs have made no contributions whatsoever towards the upkeep of the premises.

The eldest son reached his majority in 1922; the next son became of age more than thirteen years before this bill in equity was filed; the third son, who died in 1935, became 21 in 1926 and never made any claim; the youngest child reached her majority six years ago and did nothing. Over that long period of years, plaintiffs have by their conduct manifested the intention that their father, his second wife, and the dependent children in the family occupy the one property rent free, and that the income derived from the other property be applied toward the support of the family and towards the expense of maintaining the properties. They themselves have lived with their father on the one property upon various occasions. Son George occupied one of the houses from 1932 until 1937, during which time he paid rent in full to his father, without claiming any deduction for himself because of his interest in the property;

nor was it ever urged that any accounting of the receipts be made for the other children.

It was not until 1937, when their father displeased them by marrying again, that appellants displayed a hostile attitude towards him, and took the present steps to eject him and his family from the premises. The language of *Strawbridge's Est.,* supra, 410, is apposite here: "The purpose of this agreement, to maintain and raise the children under one roof, as one family, was under the circumstances commendable and socially desirable. Such family agreements are to be encouraged. Their desirability extends beyond requirements of too strict adherence to rigid contractual formalities. While there is no formal written agreement among the children and their father, concerning this occupancy, the conduct of all the parties during a twenty-year period points conclusively and inevitably to such an arrangement." Plaintiffs cannot at this late date, and because of ill will caused by their father's marriage, destroy the family arrangement which existed regarding these properties for so many years. Their own acquiescence furnishes the reason for their not being entitled to an accounting.

Decree affirmed.