### Centrella Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Joseph E. Greene, Jr.*, for petitioner.

*Charles H. Dorsett*, contra.

KLEIN, P. J., April 29, 1960.—Nicholas M. Centrella is a son of decedent, Bernard A. Centrella. This litigation arises from the refusal of the said Nicholas M. Centrella to pay for the hospitalization of his wife in the Methodist Episcopal Hospital in Philadelphia in 1956. He executed a judgment note for $1,747.44, in favor of Reste & Co., a partnership organized to receive and enforce payment of such notes on behalf of the hospital. Judgment was entered on the note in the Court of Common Pleas No. 5 of Philadelphia County and an attachment execution was issued against Albert Centrella, executor of the father's estate.

The attaching creditor has filed a petition for a citation to show cause why the executor should not file an account. An answer has been filed denying petitioner's right to an accounting for two reasons: (1) That the son, Nicholas, has no interest in the estate other than that of a cotrustee; and (2) that all of the members of decedent's family executed "a request to Albert Centrella, Executor, that no accounting be filed . . .".

Implicit in the acceptance of the office of executor or administrator is the obligation to file an account. Section 701 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, 20 PS §320.701, provides:

"Except as otherwise provided in this act, every personal representative shall file an account of his administration at the expiration of six months from the first complete advertisement of the original grant of letters or when directed to do so by the court, and may be cited to file an account at any time after the expiration of that period."

The will in this case is a badly drawn instrument, ambiguous and inartistic, fertile with seeds of needless litigation. After giving his wife the use of the "income, rent issues and profits" for life, testator said:

"FOURTH: In the event that my beloved wife, ELVIRA CENTRELLA, be not living at the time of my decease or upon her death, I give, devise and bequeath my estate as follows:

"Premises 1428-1430 Ritner Street, Philadelphia, Pa., unto my sons, Nicholas M. Centrella and Bernard M. Centrella, Jr., together with any interest I might have in the business conducted therein at the time of my decease, IN TRUST, nevertheless, for the benefit of the male children, NICHOLAS, JR., and BERNARD, now born to my son, Nicholas M. Centrella, and to the first male child, if any, born to Bernard M. Centrella, Jr. *It is my intention that my sons, Nicholas M. Centrella and Bernard M. Centrella, Jr., have all the incidents, rights and duties as owners of said premises, subject only to the restriction that if, as and when said premises are sold and conveyed by said Nicholas M. Centrella and Bernard M. Centrella, Jr., Trustees, that the net proceeds of sale of said premises shall be invested and reinvested for the benefit of the said male children.* (Italics supplied.)

"All the rest, residue, and remainder of my estate, real, personal and mixed I give, devise and bequeath in equal shares, share and share alike, unto my following named children: ALBERT CENTRELLA, ARTHUR CENTRELLA, MARY BENOTTI, wife of

Henry Benotti, RITA ESSIG, wife of Howard P. Essig, and OLGA FRYER, wife of Louis Fryer, the heirs, executors and administrators of each and every of my above named children."

The orphans' court has exclusive jurisdiction of the administration of the real and personal property of decedents' estates: Section 301(1), Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2028.301. Unless an account is filed, petitioner will be deprived of the only forum available to it under the law of this State, to have its rights adjudicated. For this reason, it has been our uniform practice to resolve all doubts in favor of a petitioner seeking an accounting if he has any reasonable color of right or interest in the estate and to order an accounting. A creditor of a beneficiary who has attached a distributee's interest clearly has the right to compel an accounting: Mumbauers' Estate, 46 D. & C. 367 (1942); Stein's Estate, 16 D. & C. 150 (1930).

The nature of Nicholas's interest in his father's estate is, to say the least, uncertain and subject to more than one interpretation. Although the residue of the estate is given to him and his brother, Bernard M. Centrella, Jr., in trust, nevertheless testator provides: ". . . It is my intention that my sons, Nicholas M. Centrella and Bernard M. Centrella, Jr., have all the incidents, rights and duties as owners of said premises subject only to the restriction that if, as and when said premises are sold and conveyed . . . then the net proceeds . . . shall be invested . . ." We are not prepared at this preliminary stage of these proceedings to venture an opinion as to the meaning of this ambiguous language or the nature or extent of Nicholas's interest in this estate. These questions can best be resolved by a judicial construction of the entire will at an audit, after proper notice to all parties in interest.

With respect to respondent's second reason for resisting the filing of an account, there can be no question that family arrangements are favorites of the law, and when fairly made are not allowed to be disturbed by the parties or by any one else without good reason: Fry v. Stetson, 370 Pa. 132 (1952) ; Disston Estate, 349 Pa. 129 (1944) ; Strawbridge's Estate, 322 Pa. 406 (1936). However, they cannot be used as devices to defraud creditors of decedent or of any person beneficially interested in his estate. Moreover, such settlements are effective only if joined in by all parties in interest. In the present case, not only has the petitioning creditor not been made a party to the settlement, but it appears evident that minors and unborn issue may have an interest which has been disregarded. Testator stated that the trust was "for the benefit of the male children, Nicholas, Jr., and Bernard, now born to my son, Nicholas M. Centrella, and to *the first male child, if any, born to Bernard M. Centrella, Jr.*" (Italics supplied.) Since the will was made in 1957 and indicates that Bernard, Jr., had no sons at that time, it must be assumed that such a son is either yet unborn, or, if he has been born, that he is an infant.

The judgment held by petitioner in the present case was entered July 22, 1957, four months before testator died. While a solvent legatee may freely renounce and refuse a gift or legacy, an insolvent legatee may not do so since his renunciation would constitute a fraudulent conveyance, void as to creditors under section 4 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 PS §354; Neeld's Estate, 38 D. & C. 381 (1940). Any voluntary conveyance by one who is in debt is presumed, prima facie, to be fraudulent as to creditors: Farmers Trust Company of Lancaster v. Bevis, 331 Pa. 89 (1938).

We therefore enter the following

*Decree*

And now, April 29, 1960, Albert Centrella, executor, is directed to file an account of his administration of the estate of Bernard A. Centrella, also known as Bernard Centrella, within 30 days of the date of this decree.