*H. J. Rebman*, with him *James Gay Gordon*, for appellants.—Where, as in this case, the plaintiffs have relied upon the special skill and knowledge of the defendants and upon their representation that the paper to be signed was only in furtherance of the controlling purpose of the contract, it is equivalent to fraud for the defendants to avoid the force of the representations which induced the signing of the written agreement while they seek to shield themselves behind the rigid and narrow terms of the writing itself: Christ v. Diffenbach, 1 S. & R. 464; Cullmans v. Lindsay, 114 Pa. 166; School Furniture Co. v. Warsaw School Dist., 130 Pa. 76; Sutch's Est., 201 Pa. 305; Fidelity & Casualty Co. v. Harder, 212 Pa. 96; Keller v. Cohen, 217 Pa. 522.

*George S. Graham*, with him *Joseph Gilfillan*, for appellees, cited: Streator v. Paxton, 201 Pa. 135.

PER CURIAM, April 18, 1910:
For the reasons given by the court below in entering the nonsuit the refusal to take it off is affirmed.

---

# Johnson, Appellant, *v.* Gaul.

*Wills—Partition—Trusts and trustees—Parties.*

1. Where a testator gives, devises and bequeaths all of his "property, real, personal and mixed," to his two daughters in equal shares, and directs that the share "coming" to one of his daughters shall be invested by a trustee subsequently named, the interest thereof to be paid to such daughter and after her death the principal to be paid to the other daughter or her children, the daughter whose share has been given in trust has no standing to ask for partition.

2. Partition is a possessory action, its purpose and effect being to give to each of a number of joint owners the possession he is entitled to of his share in severalty. The indispensable prerequisite to its maintenance is that the plaintiff be a joint owner with the defendant, and as such entitled to a separation of his share and possession of it.

Argued Feb. 28, 1910. Appeal, No. 210, Jan. T., 1909, by plaintiff, from judgment of C. P. Berks Co., May T., 1908, No. 24, for defendant non obstante veredicto in case of Lizzie Van Steffy Johnson v. Mary M. Gaul. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Summons in partition.

At the trial the jury rendered a verdict for the plaintiff by instruction of the court. Subsequently judgment was entered for defendant non obstante veredicto.

ENDLICH, P. J., filed the following opinion:

This is an action of partition. The plea is non tenent insimul. At the trial, there being no dispute about the facts, a request for binding instructions for defendant was formally declined, and a verdict was directed for plaintiff, the legal question arising being postponed for future consideration upon a rule for judgment non obstante veredicto.

Allen Van Steffy died January 19, 1907, leaving personal property amounting to less than $100 in value, the real estate involved in this action, and a will dated October 10, 1906, in which he directed payment of his debts and funeral expenses and then provided as follows:

"Second. I give, devise and bequeath all my property, real, personal and mixed, to my two daughters, Mary [defendant] and Lizzie [plaintiff] in equal shares.

"Third. The share coming to my daughter Lizzie shall be invested by the hereinafter named trustee, the interest thereof to be paid semi-annually to my daughter Lizzie, and after her death, the principal sum thereof to be paid to my daughter Mary or her children.

"Fourth. I hereby appoint the Pennsylvania Trust Co. . . . . trustee for my daughter Lizzie."

Clearly "the" share spoken of in the third clause as coming to plaintiff is what the testator gave her in the second: see Patterson v. Kountz, 63 Pa. 246, and means

the whole of it: Bakes v. Reese, 150 Pa. 44; Eckert v. Trust Co., 212 Pa. 372. That indeed it must be understood to include the realty is as sure as can be when the insignificance of the testator's personal estate is borne in mind, as it should be: Postlethwaite's App., 68 Pa. 477; Follweiler's App., 102 Pa. 581. Moreover, it accords with a familiar rule of testamentary interpretation which it is not necessary to fortify with the citation of decisions, that these three clauses, separated though they are by spacing, punctuation and numbering, must be read together in order to get the real sense of the testator. Thus read, the unmistakable intent appearing from the language of the will is to divide the estate into two parts equal in value, and to give the one to defendant absolutely and the other to a trustee charged with managing the same and paying the income to the plaintiff during her life, and at her death handing over the corpus to the defendant, or to her children if she be dead. This intent being lawful must, under the cases referred to in an opinion just filed in Kemp v. Reinhard, C. P. No. 17, April Term, 1909, be given effect. Whether that involves a power on the part of the trustee to convert the realty into money, or whether it by itself works such a conversion, is not now an essential inquiry. What is decisive of the question here presented is that the land, so long as it remains such in fact, is given, not to the plaintiff, but to the trustee for a purpose which would be defeated if the plaintiff were permitted to prevail in this proceeding. As pointed out in Seiders v. Giles, 141 Pa. 93, partition is a possessory action, its purpose and effect being to give to each of a number of joint owners the possession he is entitled to of his share in severalty. The indispensable prerequisite to its maintenance is that the plaintiff be a joint owner with the defendant and as such entitled to a separation of his share and possession of it. Where the plaintiff's interest is not such as confers that right; where the ownership of the undivided portion of the property is not in the plaintiff, but in a trustee clothed with the title and charged with the management

of the property, i. e., with an active trust,, which necessarily excludes the plaintiff's right of possession and control of it—it cannot be said that the plaintiff has a standing to ask for partition. The decisions in Hutchison's App., 82 Pa. 509, and Clark's Est., 134 Pa. 140, fully bear out this proposition, if authority for it be needed.

It follows that the defendant's plea in this case is sustained by the evidence, that her request for binding instructions was entitled to be affirmed, and that judgment must now be entered accordingly.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Stephen M. Meredith*, with him *Earle I. Koch*, for appellant, cited: Harper v. Blean, 3 Watts, 471; Snyder v. Bear, 144 Pa. 278; Fulton v. Fulton, 2 Grant, 28; Shirey v. Postlethwaite, 72 Pa. 39; Gillmer v. Daix, 141 Pa. 505; Coles v. Ayres, 156 Pa. 197; Richards v. Bentz, 212 Pa. 93; Robinson v. Jones, 222 Pa. 56; Miller v. Schneider, 5 Rawle, 140.

*Isaac Hiester*, with him *Ira P. Rothermel*, for appellee.— A fee may be restrained by a subsequent clause to convert it into a life estate: Urich v. Merkel, 81 Pa. 332; Livezey's App., 106 Pa. 201; Krebs's Est., 184 Pa. 222.

Where a testator gives a share of his estate in trust to invest it and pay over the income to one person for life and the principal to others upon his death the life beneficiary has no standing to demand partition of the real estate included in that share: Clark's Est., 134 Pa. 140; Hutchison's App., 82 Pa. 509; Willing v. Brown, 7 S. & R. 467; Longwell v. Bentley, 23 Pa. 99

PER CURIAM, April 25, 1910:

The judgment is affirmed on the opinion of Judge ENDLICH.