# Hall *v.* Dean, Appellant.

*Wills—Title to real estate—Fee simple—Ejectment—Act of April 8, 1833, P. L. 250.*

A fee presumed by the Act of April 8, 1833, P. L. 250, as well as a fee expressly given by will, can only be defeated by a subsequent provision which shows clearly that the testator intended not to give a fee.

It is immaterial, under the Act of April 8, 1833, whether the devise in feé simple is created by operation of law or express terms; the language used in the act indicates that an absolute devisé, however defective it might have been under the law as it existed before 1833, must be sustained unless the intention subsequently expressed clearly negatives the idea.

Where a testator devised to his wife a part of his farm in the following language: "I give and bequeath unto my dear wife Huldah the use and occupation of a part of the home farm," without limiting the enjoyment of the land to her life, or in any other way, under the Act of 1833 it remains a devise in fee simple, unless cut down by a subsequently expressed intention in the will.

Argued March 4, 1919. Appeal, No. 32, March T., 1919, by plaintiffs, from judgment of C. P. Lackawanna County, October T., 1913, No. 793, in the case of Lephe Hall, Jessie Hall and Harriet Hall Shoemaker v. D. B. Hand and A. D. Dean. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Framed issue in the nature of ejectment for land situate in the Borough of Waverly, Lackawanna County. Before MAXWELL, P. J., 42d Judicial District, specially presiding.

The opinion of the Superior Court states the case.

The court entered a judgment in favor of plaintiffs and against the defendant for the land described in the plaintiff's statement filed in the case, together with costs.

*Errors assigned* were various findings of fact and conclusions of law and the decree of the court.

A. A. *Vosburg*, for appellants.

S. B. *Price*, of S. B., C. B. & J. H. *Price*, and with him John P. *Kelly*, of O'Brien & Kelly, for appellees.

OPINION BY WILLIAMS, J., July 17, 1919:

This is an action of ejectment involving the construction of a will. Plaintiffs and defendants each claim through George Clark, who died, testate, August 14, 1858,

leaving to survive him a widow, Huldah Clark, and one son, James R. Clark; at the time of his death he owned 111 acres of land, including within its bounds the land here in dispute.

George Clark's will, so far as we need discuss it, is as follows: "Item: I give and bequeath unto my dear wife Huldah the use and occupation of a part of the home farm [then follows description including the land here in question] Item: I give and bequest unto my said wife all my household furniture one good cow one horse worth ($125) four good skips of bees and ($100) worth of farm produce such as she may want. All which legacies to my said wife I do declare to be instead of her dower at common law for her use only during her natural life and from and after her decease I give and devise the use and occupation of the same together with the immediate use and occupation (after my decease) of the old barn lot of some ten or twelve acres......unto my son James R. Clark (if he shall be living) and from and after his decease I give and devise of the same unto his children their heirs and assigns forever. Item: I give and bequeath unto my son James R. Clark all my remaining property which is not herein otherwise provided for real and personal to his heirs and assigns forever. And lastly I nominate and appoint my wife Huldah and James R. Clark to be my executors."

April 1, 1874, James R. Clark et ux. and Huldah Clark, executed and delivered a deed for certain land, including the land in question, to William C. Hall, who died, intestate, leaving to survive him, as his heirs at law, Lephe Hall, Jesse Hall, and Harriet Hall Shumaker, the plaintiffs in this issue; William C. Hall and plaintiffs were in possession of the land for thirty-four years, then it was leased to Davidson, who sublet to Dean, the defendant, who claims title through three deeds, one from the sheriff, in 1902, purporting to convey the interest of alleged remaindermen; another, in 1902, by several of the grandchildren of testator, and another by other remaindermen

of the land in dispute. The grantors in the last two deeds did not know they were conveying any of the land included in the deed of 1874. James R. Clark died in 1908, and Huldah before that date.

The court below held the first item of the will gave Huldah Clark a fee in the land in dispute by force of Section 9, of the Act of April 8, 1833, P. L. 250, which provides that "all devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity unless it appear by a devise over, or by words of limitation, or otherwise, in the will, that the testator intended to devise a less estate," and that she passed a good title to plaintiffs' intestate by the deed of 1874. Defendant appeals from the judgment for plaintiffs.

Two things must concur to sustain the holding of the court below, viz: the gift must be an absolute one within the authorities, and the intention of testator to limit the estate must not appear with sufficient clarity to overcome the previously expressed intention to give an absolute estate. It is immaterial, under the Act of 1833, whether the devise in fee is created by operation of law or express terms; the language used in the act indicates that an absolute devise, however defective it might have been under the law as it existed before 1833, must be sustained unless the intention subsequently expressed clearly negatives the idea. In the present case the first clause of the will gives the widow, Huldah, the "use and occupation" without limiting the enjoyment of the land to her life, or in any other way. This devise was in fee simple: see Saxton et al. v. Mitchell, 78 Pa. 479, 483; Armstrong v. Michener, 160 Pa. 21, and under the Act of 1833, remains a devise in fee simple unless cut down by a subsequently expressed intention in the will. The limitation to the son and his children in the second item does not clearly reveal an intention on the part of the testator that the first item is to be affected thereby, and nothing else in the will shows an intention to limit the estate.

The judgment is affirmed.