## Little Estate.

Argued March 20, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Jerome B. Lieber,* with him *Marvin S. Lieber,* and *Ruslander, Ruslander & Lieber,* for appellant.

*Abraham Pervin,* with him *Herbert B. Sachs, Richard Hart Schwartz,* and *Sachs, Pervin, Kaufman & Menzer,* for appellees.

*Lois G. Forer,* Deputy Attorney General, with her *Anne X. Alpern,* Attorney General, for Commonwealth.

OPINION BY MR. JUSTICE BELL, May 2, 1961:

Testator made the following bequest:

"To my cousin, Don Little, I give and devise Ten Thousand dollars to be paid to him, if and when he survive his wife. If he does not survive her, then this

money is to be retained by my Executors and disposed of as hereinafter designated." "Disposed of as hereinafter designated" meant that it became a part of the residuary trust estate which this Court held in *Little Estate*, 403 Pa. 247, 168 A. 2d 738[2], constituted a gift to charity, i.e., for the charitable uses and purposes specified in the decree of the lower Court. The Orphans' Court entered a decree awarding the $10,000. bequest to the Executors of the Estate, as particularly set forth therein. From this decree Don Little took this appeal.

Appellant's first and principal contention is "This bequest as stated by the testator has the effect of inviting the legatee to commit murder or to destroy his marriage by obtaining a divorce." This is so farfetched as to be utterly devoid of merit. The bequest was clearly a contingent gift to Don Little, contingent, not upon murder or even divorce, but upon his surviving his wife, with a gift over in the event of his failure to do so. It seems to be often forgotten that a man (who has testamentary capacity) can disinherit his children and his closest relatives, except his wife, and can give his own property to such individuals and to such charities and to such objects of his bounty as he desires, subject only to the limitation that the gift cannot be in violation of law or of the Constitution or of clearly established public policy. *Girard Will Case*, 386 Pa. 548, 127 A. 2d 287; *Cannistra Estate*, 384 Pa. 605, 121 A. 2d 157; *Johnson Will*, 370 Pa. 125, 87 A. 2d 188; *Borsch Estate*, 362 Pa. 581, 67 A. 2d 119.

In *Girard Will Case* the Court aptly said (page 578) : "Respected men and women, as well as eccentric people, sometimes make sound and sometimes eccentric wills. Courts, heirs and excluded beneficiaries often wish (1) they could change or delete clear and plain and specific language, or (2) rewrite a will to expand or change the testator's bounty in order to conform to

what they believe would be fairer or wiser, or to conform to what they think the testator would have said if he had foreseen the existing facts and circumstances. But that is not and never has been the law of Pennsylvania!

" '. . . it is and always has been the law of Pennsylvania that every individual may leave his property by will to any person, or to any charity, or for any lawful purpose he desires, unless he lacked mental capacity, or the will was obtained by forgery or fraud or undue influence, or was the product of a so-called insane delusion. While it is difficult for many people to understand how or why a man is permitted to make a strange or unusual or an eccentric bequest, especially if he has children or close relatives living, we must remember that under the law of Pennsylvania, " 'a man's prejudices are a part of his liberty. He has a right to the control of his property while living, and may bestow it as he sees fit' at his death: McCown v. Fraser, 327 Pa. 561, 192 A. 674; Cauffman v. Long, 82 Pa. 72." ': Johnson Will, 370 Pa. 125, 87 A. 2d 188."

In *Girard College Trusteeship*, 391 Pa. 434, 138 A. 2d 844, the Court said (page 441) : ". . . a testamentary benefactor 'has an individual right of property in the execution of the trust, and to deprive him of it would be a fraud on his generosity. To appropriate a gift to a purpose or person not intended, would be an evasion of the donor's private dominion' . . . . As lately as Borsch Estate, 362 Pa. 581, 586, 67 A. 2d 119 (1949), we recognized, as constitutionally safe-guarded, the right of a benefactor to have enforced the limitations and restrictions affixed to his testamentary gift. The exercise of that right is but one of the manifestations of the right of private property which is fundamental to our social, economic and political order and whose preservation unimpaired is . . . vital . . ."

There are probably over a thousand cases that have sustained a gift in a will which gives a bequest or devise or a residuary estate to a person if he survives a life tenant or other named person or is living upon the happening of a specified condition or event. The gift to Don Little was clearly and unquestionably a condition precedent.

In *Cannistra Estate,* 384 Pa., supra, the Court said (page 617) : " 'In Pennsylvania the right of a man to do as he will with his own has always been liberally construed. Accordingly, a donor, not under any obligation to give, may give with such conditions as he pleases, subject only to the restriction that the conditions shall not be clearly illegal.' . . . It is a primary rule of our cases to give effect to the intention of the testator, and the presumption always is that the intent was lawful."

"In considering any restriction [condition or limitation] there is no presumption of illegality. On the contrary, the presumption is in favor of innocence and validity :" *Holbrook's Estate,* 213 Pa. 93, 62 A. 368.

Since the testator did not condition the legacy to Don Little if and when he murdered his wife, or even if and when he divorced his wife, but conditioned it instead upon Don's surviving his wife, the contingency imposed by the testator was absolutely valid.

Appellant's second contention is that "the bequest violates the fundamental freedom of religion and marriages." Appellant bases this contention upon an alleged fact, namely, that testator resented Don Little's marriage to a woman who was not a Hebrew. Even if testator did resent such a marriage, Don Little has no right to testator's property except and unless testator freely gives it to him, and if he gives it to him he can condition the gift upon the legatee's surviving his wife; and whether testator likes or hates the wife's face or

personality or character or religion is legally immaterial.

Appellant's third contention is that he is entitled to this legacy because all members of the family entered into a family agreement under the terms of which Don Little was to be paid the sum of $10,000. immediately. The family agreement also stated (1) their belief of the reasons for the contingency which the testator imposed, and (2) their conclusion (a) that the contingency was in violation of law and (b) that the bequest to Don Little was absolute. However, the family agreement was never executed or approved by the Attorney General of Pennsylvania, who represented in his official capacity the residuary charities and who was therefore an indispensable party in interest: *Garrison Estate*, 391 Pa. 234, 137 A. 2d 321; *Pruner Estate*, 390 Pa. 529, 136 A. 2d 107; *Commonwealth v. The Barnes Foundation*, 398 Pa. 458, 159 A. 2d 500.

While family agreements or settlements are always favored in the law and when fair are valid and will be upheld whenever possible (*Fry v. Stetson*, 370 Pa. 132, 87 A. 2d 305; *Edelman's Estate*, 336 Pa. 4, 10, 6 A. 2d 511; *Iacovino v. Caterino*, 332 Pa. 556, 2 A. 2d 828; *Braunschweiger's Estate*, 322 Pa. 394, 185 A. 753), this principle applies only when the agreement includes all parties in interest. The vice of plaintiff's contention is that the family agreement did not include all parties in interest. Judge Cox in an able opinion correctly held that the family agreement was not binding upon either the Attorney General or the Court.

We have considered all of the contentions made by each of the parties, but deem further discussion unnecessary.

Decree affirmed; each party to pay own costs.