## Bronstein Estate (No. 2)

*Marvin S. Baker*, for exceptant.

*Herbert W. Salus, Jr.*, contra.

PER CURIAM, November 22, 1963.—Louis Bronstein died May 10, 1960. He gave his youngest son, Jack, most of his worldly goods, but left to all four of his children a legacy of vicious hatred and dissension. The present proceedings are but another battle in the unseemly conflict his children are waging.

One phase of this litigation, the appeal by Jack Bronstein from the probate of the will, dated February 25, 1931, was assigned to Judge Lefever. At the oral argument before the court en banc, counsel indicated that at a conference held in Judge Lefever's chambers, and as a result of his efforts, counsel for the parties agreed to recommend to their clients that the case be settled by the payment by Jack of the sum of $10,000. Apparently releases were executed giving effect to the settlement, but Jack refused to honor the agreement or

to pay the stipulated sum. It appears, further, that suit has been instituted against Jack in the Court of Common Pleas of Montgomery County for payment of the $10,000 and that this suit is still pending.

As these facts were not presented to the auditing judge and therefore are not found in the record, we are not prepared to pass upon the effect of the compromise efforts. However, the settlement, if enforceable, may be in the nature of a legal bar to the present proceedings. See DiPaola Estate, 350 Pa. 408 (1944).

Although the orphans' court is sometimes called a court of limited jurisdiction, within this defined orbit its jurisdiction is exclusive, and therefore necessarily as extensive as the ends of justice: Shollenberger's Appeal, 21 Pa. 337 (1853). See also Freihofer Estate, 405 Pa. 165 (1961). When a case is once within the jurisdiction of the orphans' court, it has no need to call in the aid of a court at law. Its process is elastic and its power only limited by necessities of the case, and by its duty to administer equity in accordance with established rules: Odd Fellows Savings Bank Appeal, 123 Pa. 356 (1888). See Mellinger's Estate, 334 Pa. 180 (1939) ; Heinz's Estate, 313 Pa. 6 (1933). In the present case it is for this court and not the Common Pleas Court of Montgomery County to determine if a settlement agreement has been made and its legal effect. See Horner v. First Pennsylvania Banking and Trust Company, 412 Pa. 72 (1963).

Public policy discourages litigation, particularly lawsuits among close relatives. Family agreements are favorites of the law. See Little Estate, 403 Pa. 534, 539 (1961) ; Disston Estate, 349 Pa. 129 (1944) ; Edelman's Estate, 336 Pa. 4 (1939).

When a compromise of litigation has been concluded, subsequent rights and remedies are premised on the compromise agreement. The question which has arisen

here is whether a compromise had actually been effected following the discussion with Judge Lefever in his chambers. In Melnick v. Binenstock, 318 Pa. 533, 536 (1935), the Supreme Court in a per curiam opinion said:

"Where the right of one of the parties to such an agreement compromising pending litigation is contested, the true interpretation of the agreement should be found by the court in which the litigation was pending . . . A party seeking to enforce an agreement compromising pending litigation is not at liberty to institute in any court any action he sees fit; . . . A compromise or settlement of litigation is always referable to the action or proceeding in the court where the compromise was effected; it is through that court the carrying out of the agreement should thereafter be controlled. Otherwise the compromise, instead of being an aid to litigation, would be only productive of litigation as a separate and additional impetus. See 12 C. J. 361."

We are all firmly of the opinion that the bitter family conflict should, in all decency, be compromised and brought to an end. Certainly, if an effective settlement has been made, we should not permit this litigation to be prolonged needlessly. Accordingly, the exceptions are all dismissed, pro forma, and the matter is referred back to the auditing judge to determine whether the differences among the testator's children have, in fact and in law, been legally settled by the agreement in question.