## Matthews Estate.

Argued January 12, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*H. R. Van Deusen, Jr.,* with him *Van Deusen, Van Deusen and Reedy,* for appellant.

*Ernest J. Gazda, Sr.,* with him *Ernest J. Gazda, Jr.,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, April 22, 1970:

This is a will case which presents the oftentimes difficult question of when the principal of a testamentary trust vested, and, consequently, to whom it should be distributed. The lower Court decided that the interest of the widow of the life tenant was not vested and terminated at her death.

The testatrix, Louise Matthews, died on November 23, 1945, leaving a will dated February 21, 1941. After certain minor bequests of personal effects and a provision for perpetual cemetery care, testatrix created two trusts, designated Trust No. 1 and Trust No. 2, each of which was to be funded with an equal part of her residuary estate. We are here concerned primarily with the interpretation of Trust No. 2, which is contained in a very lengthy and at times confusing residuary paragraph of her will.

Paragraph FOURTH of testatrix's will gave her residuary estate in trust, provided the trustee with very wide powers of investment, and also contained a subsequent and somewhat confusing spendthrift trust provision. It pertinently provided: "FOURTH: . . . (2) To divide the property which I have left in trust into two equal parts, designated as 'Trust No. 1', and 'Trust No. 2.'

. . .

"(4) *Trust No. 2.* The trustee shall pay the income of Trust No. 2 to my brother William Matthews, in quarterly payments, during his lifetime. Upon the death of said William Matthews the corpus of Trust No. 2 *shall become vested in Marguerite Hall Matthews,** wife of William Matthews, *and William Matthews, Third, and Edward C. Matthews,* children of William Matthews, *share and share alike, but the corpus of Trust No. 2 shall not be distributed until* Edward C. Matthews shall have reached the age of thirty years, *nor in any case until the death of Marguerite Hall Matthews,* during which time the trustee shall pay the income of Trust No. 2 to Marguerite Hall Matthews, William Matthews, Third, and Edward C. Matthews, in quarterly payments, share and share alike.

"If either Marguerite Hall Matthews, William Matthews, Third, or Edward C. Matthews, shall die before my brother William Matthews [none did], *the share of the deceased shall pass to the two surviving participants* of this trust in equal shares, *together with the right to receive the income therefrom* should the time be prior to that at which Edward C. Matthews becomes thirty years of age or the death of Marguerite Hall Matthews.

"If William Matthews, Third, and Edward C. Matthews die before their father, William Matthews [neither did], *then the corpus of Trust No. 2 shall become vested in their children,* if any, living at the time of the death of William Matthews, *but that distribution of the corpus shall not take place until* they reach the age of twenty-one years nor until the death of Marguerite Hall Matthews; the children to take by representation. . . ."

*William Matthews, testatrix's brother, died in January 1966,* survived by his widow, Marguerite Hall Mat-

---

* Italics throughout, ours.

thews, and his two sons, William Matthews, Third, and Edward C. Matthews. *Marguerite Hall Matthews died on June 25, 1968.* She was survived by her two stepsons, William Matthews, Third, and Edward C. Matthews, who are still living. Edward C. Matthews is now past the age of thirty. At the audit of the trustee's second and final account, the executor of the will of Marguerite Hall Matthews made a claim for a one-third share of the balance of principal. This claim was rejected by the Orphans' Court Division and her executor took this appeal.

"We recently said in Carter Will, 435 Pa. 492, 257 A. 2d 843 (pages 496-497) : 'The law and the legal principles governing the interpretation of wills [are] well settled, but their application to poorly or ambiguously drawn wills (especially to holographic wills and lengthy testamentary trusts) is often difficult. The pertinent principles may be thus briefly summarized: A testator's intent, unless unlawful, shall prevail; that intent shall be ascertained from a consideration of (a) all the language contained in his will, and (b) his scheme of distribution, and (c) the circumstances surrounding him at the time he made his will,* and (d) the existing facts; and (e) canons of construction will be resorted to only if the language of the will is ambiguous or conflicting or the testator's intent is for any reason uncertain. Houston Estate, 414 Pa. 579, 201 A. 2d 592; Burleigh Estate, 405 Pa. 373, 175 A. 2d 838; Dinkey Estate, 403 Pa. 179, 168 A. 2d 337; Pruner Estate, 400 Pa. 629, 162 A. 2d 626; Wanamaker Estate, 399 Pa. 274, 159 A. 2d 201; Hope Estate, 398 Pa. 470, 159 A. 2d 197; Lewis Estate, 407 Pa. 518, 520, 180 A. 2d 919. See also, Benedum Estate, 427 Pa. 408, 235 A. 2d 129.' " *Derham Will,* 435 Pa. 590, 258 A. 2d 650.

---

* In the absence of a statute providing a different test: cf. *Jaekel Estate,* 424 Pa. 433, 227 A. 2d 851.

While some language in the will appears ambiguous or confusing, we cannot ignore the clear and definite language of this gift to Marguerite Hall Matthews. We are convinced that the testatrix gave and intended to give, upon the death of testatrix's brother William Matthews, to Marguerite Hall Matthews, the wife of her brother William Matthews, *a vested interest in the corpus* of Trust No. 2, *with distribution of the corpus postponed* until Edward C. Matthews reached thirty years of age or until the death of Marguerite Hall Matthews, the income to be paid in the meantime to her (and to William's two children) until the time for distribution of the corpus.

Decree reversed; each party to pay own costs.