## McLaughlin Estate.

Argued October 7, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused March 1, 1971.

*William F. Clinger, Jr.,* with him *Harper and Clinger,* for appellant.

*W. Scott Calderwood,* with him *Mervine and Calderwood,* for appellees.

OPINION PER CURIAM, January 25, 1971:

The Court being equally divided, the decree of the Court of Common Pleas is affirmed.

Mr. Justice COHEN took no part in the decision of this case.

---

OPINION IN SUPPORT OF AFFIRMANCE OF THE DECREE BY MR. CHIEF JUSTICE BELL:

Viola S. McLaughlin died September 4, 1968, leaving a will dated October 19, 1964. This appeal involves the construction of her will.

Testatrix, after making several specific bequests to relatives and friends, provided:

"FIFTH: I give, devise and bequeath *all of the rest, residue and remainder of my estate** as follows:

"(a)   10% thereof to Grand Chapter of Pennsylvania, Order of the Eastern Star, for the Eastern Star Home under its control presently located at 2226 Bellevue Road, Pittsburgh, Pennsylvania.

"(b)   10% thereof to the Young Women's Christian Association of Warren, Pennsylvania.

"(c)   10% thereof to Philomel Club of Warren, Pennsylvania, for its scholarship fund. The amount herein bequeathed to be known as the Viola S. McLaughlin Memorial Fund.

"(d)   10% thereof to Warren County Probation Society of Warren, Pennsylvania.

"(e)   The *remaining 50%* thereof to the First Presbyterian Church of Warren, Pennsylvania, the amount

---

* Italics throughout ours, unless otherwise noted.

to be used and enjoyed by said Church as it deems advisable, but I would request that the same be placed in endowment; the amount received under this bequest shall be known as the John R. and Viola S. McLaughlin Fund."

The executor of the will, confronted with the language in the residuary paragraph which gave fractional shares which amounted *only to 90 per cent,* filed his account together with a Statement of Proposed Distribution. In this Statement, he recommended that the First Presbyterian Church should be awarded 60 per cent of the balance of the residuary estate remaining for distribution. The four "10%" beneficiaries, as well as the heirs of the testatrix who claimed by virtue of an intestacy, objected to this proposed distribution. The Orphans' Court, after a hearing, concluded that the will failed to dispose of 10 per cent of testatrix's residuary estate, and ordered that this 10 per cent share be distributed pro rata among the five designated residuary beneficiaries. After the Presbyterian Church's exceptions were dismissed, the Church took this appeal.*

The Church contends (1) that, by including a residuary clause in her will, testatrix evidenced an intent to dispose of her entire estate, and (2) that, because the Church was given the largest interest in the residuary estate, it should be considered to be the primary object of testatrix's bounty, and (3) that the word "remaining" in the residuary gift to the Church indicates an intent to give the Church *whatever residue remained,* and (4) that "50%" was a typographical error and "60%" was intended, and (5) that for each and all of these reasons the Church should be awarded the remaining 60 per cent interest.

---

* The heirs of the testatrix who claimed through an intestacy have apparently decided not to pursue their claims.

The appellees contend (1) that an equally, if not more, reasonable interpretation of the Fifth Paragraph is that a 10 per cent beneficiary was omitted, either accidentally or intentionally, and (2) that the 10 per cent interest in the residuary estate was thus undisposed of, and (3) that, as the result, Section 14, clauses (9) and (10), of the Wills Act of 1947, P. L. 89, 20 P.S. §180.14, requires that the 10 per cent interest be *allocated pro rata among all* of the named residuary beneficiaries.

Appellant is correct in asserting (a) that in the interpretation of a will, the testator's intent, unless unlawful, shall prevail, and (b) that canons of construction will be resorted to only if the language of the will is ambiguous or conflicting or the testator's intent is for any reason uncertain. *Matthews Estate,* 439 Pa. 69, 264 A. 2d 714; *Carter Estate,* 435 Pa. 492, 257 A. 2d 843; *Houston Estate,* 414 Pa. 579, 201 A. 2d. 592; *Burleigh Estate,* 405 Pa. 373, 175 A. 2d 838; *Jessup Estate,* 441 Pa. 365, 276 A. 2d 499. However, we cannot agree with the appellant (Church) that Viola's will—considering, as we must, the language of Paragraph FIFTH as well as the language of the will as a whole, *Jessup Estate,* 441 Pa., supra; *Carter Estate,* 435 Pa., supra—clearly evidences an intent that it should receive a 60 per cent interest in the estate. To reach this conclusion would require us to reform or rewrite the will, and this of course we cannot do. *Benedum Estate,* 427 Pa. 408, 413, 235 A. 2d 129; *Conlin Estate,* 388 Pa. 483, 493, 131 A. 2d 117.

Accordingly, we conclude that testatrix failed to dispose of 10 per cent of her residuary estate.

Clauses (9) and (10) of Section 14 of the Wills Act of 1947, supra, upon which both the appellees and the Orphans' Court rely, provide:

"(9) Lapsed and void devises and legacies.— *Shares not in residue.* A devise or bequest not being

part of the residuary estate which shall fail or be void because the beneficiary fails to survive the testator or because it is contrary to law or otherwise incapable of taking effect or which has been revoked by the testator *or is undisposed of* or is released or disclaimed by the beneficiary, if it shall not pass to the issue of the beneficiary under the provisions of clause (8) hereof* and if the disposition thereof shall not be otherwise expressly provided for by law, shall be included in the residuary devise or bequest, if any, contained in the will.

"(10) Lapsed and void devises and legacies.— *Shares in residue.* When a devise or bequest as described in clause (9) hereof shall be included in a residuary clause of the will** and shall not be available to the issue of the devisee or legatee under the provisions of clause (8) hereof, and if the disposition shall not be otherwise expressly provided for by law, *it shall pass to the other residuary devisees or legatees, if any there be, in proportion to their respective shares or interests in the residue.*"

Section 14, clause (10) of the Wills Act of 1947, supra, applies to *"shares in residue,"* and the first inquiry therefore is whether the will contains a residuary

---

* Clause (8) reads as follows: "(8) Lapsed and void devises and legacies.—Substitution of issue. A devise or bequest to a child or other issue of the testator or to his brother or sister or to a child of his brother or sister whether designated by name or as one of a class shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving the testator but shall pass to such surviving issue who shall take per stirpes the share which their deceased ancestor would have taken had he survived the testator; Provided, That such a devise or bequest to a brother or sister or to the child of a brother or sister shall lapse to the extent to which it will pass to the testator's spouse or issue as a part of the residuary estate or under the intestate laws."

** The language of clause (10), read in conjunction with clause (9), is not free from ambiguity.

clause, and, if so, what is the exact language and meaning of the residuary clause. Viola's will, in our judgment, undoubtedly contains a residuary clause, and this is particularly true when the testamentary language is considered in the light and construction of clause (10) and its application or inapplication. The will (we repeat) specifically states: "I give, devise and bequeath *all* of the *rest, residue* and *remainder* of my estate as follows: . . . ." We believe. that testatrix's basic intention was to dispose of all of the rest, residue and remainder of her estate and that she inadvertently overlooked providing for the 10 per cent share here in dispute. Under these circumstances, we believe that (with certain exceptions) the Legislative intent was (1) to avoid an intestacy when the will contained a residuary clause sufficiently broad to include, by a liberal interpretation, lapsed, void and undisposed of devises and bequests in the will,* and (2) in that event such lapsed, void and undisposed of devises and bequests "shall pass to the other residuary devisees or legatees . . . in proportion to their respective shares or interests in the residue." Cf. *O'Malley Estate,* 5 Fid. Rep. 43.**

We believe that testatrix's undisposed of 10 per cent of her residuary estate shall pass to her residuary devisees and legatees, in accordance with the Wills Act

---

* Prior to the enactment of the Wills Act of 1947, P. L. 89, 20 P.S. §180.14, property which was undisposed of by a will passed to the testator's heirs under the intestate laws.

** The facts in *O'Malley Estate* are almost identical with the facts in the instant case. In *O'Malley Estate,* testator disposed of all the residue of his estate, which he bequeathed and devised to named legatees in specific percentages, but, as here, the percentages amounted to only 90 per cent of the residue. The Orphans' Court, in an able Opinion, held that the residue which was not disposed of, namely 10 per cent, passed to the other residuary named legatees in proportion to their respective shares or interests in the residue, pursuant to Section 14, clause (10), of the Wills Act of 1947, supra.

of 1947, supra, "in proportion to their respective shares or interests in the residue."

Decree affirmed, each party to pay own costs.

Mr. Justice O'BRIEN and Mr. Justice POMEROY join in this opinion.

OPINION IN SUPPORT OF REVERSAL OF DECREE BY MR. JUSTICE ROBERTS:

The fifth paragraph of testator's will devises and bequeaths "all the rest, residue and remainder" of his estate in four 10% shares to four beneficiaries and "[t]he *remaining* 50% thereof"* to appellant. Because the specified percentages total only 90%, the opinion in support of affirmance of the decree concludes that 10% of the residuary estate was undisposed of. I disagree with that conclusion.

The terms of the will demonstrate with sufficient clarity a testamentary intent to give to appellant the entire balance of the residuary estate remaining after satisfying the four 10% bequests. In this regard, it is most significant that the initial residue is created by the words "rest, residue and remainder," and the gift to appellant is introduced by the very similar and inclusive term "remaining."

If testator had bequeathed 10% shares to A, B. C, and D, and "the remaining *80%* thereof" to appellant, the individual 10% shares would not be reduced by virtue of the fact that the total percentage *exceeded* 100%. In such a situation, the numerical percentage of 80% would be disregarded as a mere immaterial misdescription. The instant case represents the converse situation where the sum of the specified percentages is *less than* 100%. As in the hypothetical case just postulated, the 10% shares should be unaffected and the term "50%" should be deemed immaterial.

---

* Emphasis added.

Accordingly, in light of the inclusive language "remaining" which introduces the testamentary gift to appellant, the supposedly undisposed of 10% of the residuary estate should be awarded to appellant rather than distributed pro rata among all five residuary beneficiaries.

Mr. Justice JONES and Mr. Justice EAGEN join in this opinion.