## Stancik Estate.

Argued September 28, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Rex Downie, Jr.,* for appellant.

*Robert L. Orr,* with him *Wilson & Orr,* for appellees.

OPINION BY MR. JUSTICE NIX, March 16, 1973:

This is an appeal from a decree of the Orphans' Court Division of the Court of Common Pleas of Beaver County sustaining objections to the proposed distribution of the estate of Margaret Stancik according to a will and subsequent family agreement proffered by the appellant, George Stancik, Jr.[1] Because we find that

---

[1] Our jurisdiction is based upon the Act of July 31, 1970, P. L. 673, art. II, §202(3), 17 P.S. §211.202(3) (Supp. 1972-1973).

both the will and the family agreement failed to dispose of the residue of the estate, we affirm the decree of the court below.

The facts are not in dispute. The decedent, Margaret Stancik, and her husband, George Stancik, Sr., executed a "joint" will which provided in relevant part as follows:

"Second. We give devise and bequeath all the rest, residue and remainder of our estate, real, personal or mixed, of whatever nature or kind or wheresoever situate of which we, or either of us die possessed, each unto the other, meaning thereby that the survivor of us shall be the absolute owner of all that either of us possess.

"Third. In the event that our deaths should occur simultaneously or under any circumstances causing doubt as to which of us survived the other, than we hereby give, devise and bequeath our estate to our son George Stancik, Jr. with the direction that he pay to each of our daughters the amount of five hundred ($500) dollars, that is $500 to each of the following: Margaret Stancik Adamski, Mary Stancik Kirk, Anna Stancik Galco, Helen Stancik Namedan, Irene Stancik Brkich, Katherine Stancik Czarnecki and Agnes Stancik Franzini."

George Stancik, Sr., died on May 14, 1958, and his wife Margaret died on January 22, 1970, survived by their son, George, Jr., and the seven daughters named in the will. On April 3, 1970, all of the daughters except Mrs. Franzini met with the attorney for the estate and entered into what purported to be a family agreement. The pertinent portions are as follows:

"3. Under the terms of the Will the intention of the survivor of our mother and father was that our brother, George Stancik, Jr., would act as Executor of the Estate, pay all of the bills of the Estate, including

hospital, doctor, funeral, inheritance taxes, etc., and in addition, pay the sum of five hundred ($500.00) dollars to each of his seven (7) sisters, free and clear of all debts or taxes.

"4. George Stancik, Jr. shall probate the aforesaid joint Will and proceed with the administration of the Estate, paying all bills as aforesaid, and as soon as possible pay the five hundred ($500.00) bequests to each of his sisters. The Estate shall not be settled until that is done."

The above will was probated on April 16, 1970, and assets of the estate consisted chiefly of three parcels of property valued at $11,900.00. Mrs. Galco, Kirk, Czarnecki, and Franzini objected to the proposed distribution under the will contending that the estate should be distributed according to the intestacy laws. The lower court sustained their objections and we affirm.

The first issue is whether the will provides for the distribution of the residue of this estate. By its terms, the will transfers the entire estate excluding debts and expenses to the surviving spouse. Alternatively, it provides for the contingency of simultaneous death or circumstances where the order of death is in doubt. At the death of George, Sr., the will operated to transfer the entire estate to Margaret. However, the joint will failed to provide for the disposition of the estate subsequent to that transfer where deaths of the testators were not simultaneous or under circumstances casting doubt as to who had survived.

The first contention of the appellant is that the will of his parents demonstrated an intention to provide for distribution of their assets in accordance with section 3 of their will, even though there was no question as to the survivor of the two. Under this interpretation he would receive the residue subject only to his obliga-

tion to provide each of his sisters with the designated $500.00 payment.

It is basic law that a will must be construed to effectuate the intent of the testator whenever possible so long as that intent is lawful. *Snyder Estate*, 448 Pa. 400, 293 A. 2d 338 (1972); *Lilley Estate*, 443 Pa. 1, 275 A. 2d 37 (1971); *Jessup Estate*, 441 Pa. 365, 276 A. 2d 499 (1970). "When a decedent drafts his last will and testament, he is presumed, in the absence of an indication to the contrary, to have intended to dispose of his entire estate and not to die intestate as to any part of it." *Farrington Will*, 422 Pa. 164, 168, 220 A. 2d 790 (1966) (citations omitted). See also, *Hill Estate*, 432 Pa. 269, 247 A. 2d 606 (1968). However, equally as basic is the principle that the court must not and cannot reform or rewrite a will. *Walton Estate*, 409 Pa. 225, 186 A. 2d 32 (1962); *Vandergrift Estate*, 406 Pa. 14, 177 A. 2d 432 (1962); *Conlin Estate*, 388 Pa. 483, 131 A. 2d 117 (1957). If for any reason, whether ignorance or oversight, the testator has failed to dispose of a portion of his possessions, it is not the function of the court to intercede and make the disposition. *Conlin Estate*, 388 Pa. 483, 492, 131 A. 2d 117 (1957); *Rouse Estate*, 369 Pa. 568, 573, 87 A. 2d 281 (1952); *Grothe's Estate*, 229 Pa. 186, 192, 78 A. 88 (1910). While it may very well have been, as appellant suggests, the intention of his parents to dispose of the property in accordance with section 3 even though the order of death between them was not uncertain, it is equally as possible that it was their intention to allow the survivor to make the determination as to the distribution. Thus, the failure of the joint will to provide for the residue where there was a survivor may have been deliberate. It is not for us, at this juncture, to attempt to assign a motive to their actions. We must accept the will as written and under

these circumstances conclude that no provision, for whatever reason, was made for the disposition of a residue of the estate. We therefore hold that the will of the decedent did not contain a residuary bequest or devise and thus the property must pass in accordance with the Intestate Act of April 24, 1947, P. L. 80, §1 et seq., as amended, 20 P.S. §1.1 et seq.

The second issue concerns the effect of the family agreement. The appellant contends that the agreement binds the signatories to the interpretation of the will he urges above. The agreement is, at best, ambiguous on this point. It directs the appellant, as executor, to pay each of the seven daughters $500.00, free and clear of all debts or taxes. There is no mention of the distribution of the residuary estate, although the agreement directs George, Jr. to probate the will. Family agreements are favored in law because they avoid devisive and unnecessary litigation. *Fry v. Stetson,* 370 Pa. 132, 87 A. 2d 305 (1952) ; *Edelman's Estate,* 336 Pa. 4, 10, 6 A. 2d 511 (1939) ; *Iacovino v. Caterino,* 332 Pa. 556, 2 A. 2d 828 (1938). Such agreements serve that purpose, however, only when they are clear and unambiguous. *Braunschweiger's Estate,* 322 Pa. 394, 397-398, 185 A. 753 (1936). Here, the agreement is silent on the most crucial point, the distribution of the residuary estate, and therefore, it cannot be interpreted to be an acceptance of the scheme of distribution outlined in section 3 of the will. The most logical interpretation of the agreement would be that it merely insures to each daughter a specific bequest of $500.00, free of inheritance tax and debts.

Even if we could accept the interpretation urged by the appellant, the agreement is void because it does not bind all of the daughters. The appellant concedes, as he must, that an interested party who does not sign an agreement cannot be bound. *Little Estate,* 403 Pa. 534,

539, 170 A. 2d 106 (1961) and *Bergdoll Trust,* 354 Pa. 440, 443, 47 A. 2d 711 (1946). Although he concedes that the non-signing sister, Mrs. Franzini, should receive her intestate share, the appellant argues that the signing sisters nevertheless should be bound by the agreement to receive only $500.00. Such a result would distort the clear terms of the agreement. Paragraph 3 directs George, Jr. to pay *each* of the seven daughters $500.00. We will not presume that the daughters who signed this agreement intended to bind themselves regardless of the share of the estate going to other sisters. The only fair interpretation of this agreement is that the sisters signed with the understanding that each sister would receive $500.00. We will not distort the agreement by awarding one sister her intestate share while binding the remaining sisters to a maximum of $500.00.

The decree of the court below is affirmed.

Each party to bear own costs.